UNITED STATES DISCTRICT COURT
DISCTRISCT OF SOUTH CAROLINA

|  |  |  |
|---|---|---|
| Alexandra Stasko,<br>Plaintiff,<br>vs.<br><br>Cromer Babb Porter & Hicks, LLC and<br>Samantha E. Albrecht (#102642),<br>in her individual capacity, and<br>Jaime Susanne Misenhiemer,<br>in her individual capacity<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No._____<br><br>COMPLAINT<br>(*Jury Trial Demanded*) |

The Plaintiff, complaining of the Defendants, would respectfully show to the Court:

## PARTIES AND JURISDICTION

1.      Plaintiff, Alexandra Stasko, is a citizen and resident of Richland County, South Carolina.

2.      Defendant, Jaime Susanne Misenhiemer, upon information and belief, is a citizen and resident of Richland County, South Carolina.

3.      Defendant, Cromer Babb Porter & Hicks, LLC is a law firm that is located in Richland County, South Carolina.

4.      At all times mentioned herein, Defendant Samantha E. Albrecht was an employee of Cromer Babb Porter & Hicks, LLC

5.      This Court has jurisdiction over the parties and venue is appropriate pursuant to S.C. Code Ann. § 15-7-30.

## FACTUAL ALLEGATIONS

6.      Plaintiff Alexandra Stasko was formerly an instructor at the University of South Carolina teaching Figure Structure and Ceramic classes. She is formerly a master's student at the University of South Carolina. She is currently a full-time Studio Art Instructor at Benedict College.

7.      Defendant Albrecht has filed two lawsuits, one in 2018 (**2018CP4002655**) and one in 2020 (**2020CP4005548**) that frequently mention Plaintiff Stasko and are greatly dependent on allegations made about Plaintiff Stasko.

8.      Defendants CBP&H have made formal press releases and Defendant Albrecht has been quoted in numerous newspaper articles making statements about both cases. These cases have been highly publicized in the Columbia community by local media. They have also been reported on by national media, *The Daily Beast*, among others.

9.      In 2018, Defendant Albrecht filed a lawsuit on behalf of her client, Allison Dunavant, against the University of South Carolina, David Voros, and others (**2018CP4002655**) in which Dunavant made numerous false allegations about Plaintiff Stasko, many of which were sexual in nature. In Dunavant's deposition, taken in 2019, she recanted all the sexual allegations she made about Plaintiff Stasko.

10.     In this first lawsuit, the Defendants CBP&H and Albrecht refer to Plaintiff Stasko by the initials of "A.M." Plaintiff Stasko was previously married and went by Alexandra Miller on her public Facebook account. This was widely known in the University/Columbia art community to which Plaintiff Stasko and Dunavant and Misenhiemer belonged. "A.M." is also acknowledged as Plaintiff Stasko in several depositions taken in the 2018 case.

11.     In 2020, Defendants CBP&H, Albrecht, and Misenhiemer filed a lawsuit against the University of South Carolina and David Voros (**2020CP4005548**) that mentions Plaintiff Stasko by her full, legal name, "Alexandra Stasko," despite using her initials in the 2018 lawsuit. Plaintiff Stasko was not named as a Defendant but was named over 20 times.

12.     The decision to use Plaintiff Stasko's full name in this second lawsuit, despite choosing not to use it in the first lawsuit, only served to cause and ensure damage to Plaintiff Stasko and is evidence of actual malice.

13.     Another third party that was mentioned multiple times in Misenhiemer's lawsuit was referred to as "J.T." This third party was afforded some privacy by Defendants CBP&H and Albrecht by choosing to use his initials and not his full name. The allegations made against this

person were more severe and also sexual in nature. This same consideration was not given to Plaintiff Stasko and is evidence of actual malice.

14.    In both the Dunavant and Misenhiemer lawsuits, Defendant CBP&H and Albrecht made numerous, sexual allegations against Plaintiff Stasko. Many allege Stasko to have "traded sexual favors." In essence, this publicly accuses her of prostituting herself, and are completely baseless allegations.

15.    Further, two paragraphs in Misenheimer's 2020 lawsuit are patently false. The first patently false paragraph from Misenheimer's lawsuit is:

*"22. Upon information and belief, the graduate student filed a Title IX complaint against Defendant Voros with UofSC for sex discrimination and sexual harassment in or around August 2016, in which she complained of inappropriate sexual behavior from Defendant Voros. Upon information and belief, the student's complaint included that Defendant Voros exchanged employment benefits to female faculty and/or graduate students in exchange for sexual favors, and that Defendant Voros and Stasko were engaging in an inappropriate relationship. Defendant UofSC issued a no-contact order to Defendant Voros as a result of the Title IX complaint."*

16.    Dunavant's Title IX complaint against Defendant Voros with UofSC did not mention anything of a sexual nature. Her Title IX complaint centered around a verbal altercation she had with Voros and only referenced Stasko regarding that incident. This document was collected by Albrecht in Dunavant's 2018 lawsuit.

17.    Further, numerous depositions taken by Albrecht in the Dunavant case, including Dunavant's, demonstrate that her Title IX complaint against Defendant Voros with UofSC did not contain anything sexual in nature.

18.    The second patently false paragraph contained within Misenhiemer's lawsuit is:

*"34. Stasko taught two courses during spring 2017—ARTS 232, which had previously been taught by Plaintiff, and ARTS 233, which had previously been taught by Defendant*

*Voros. Stasko was not qualified to teach either course. Upon information and belief,*
*Chametsky did not approve Stasko teaching in the department."*

19.     To be considered qualified to teach any Studio Art course at the college level one
must earn their MFA (Master of Fine Arts) and have relative experience. By holding her MFA,
Plaintiff Stasko was and is unequivocally qualified to teach any Studio Art course at the college
level so long as she has relative experience. Plaintiff Stasko was and is unequivocally qualified
to teach ARTS 232 and 233.

20.     Misenhiemer is intimately aware of these qualifications as she also holds her
MFA. She has friends, colleagues, former instructors, associates, and/or acquaintances whose
resumes demonstrate this fact.

21.     Plaintiff Stasko has successfully taught a wide range of college level Studio Art
classes since earning her MFA, including 3D Foundations and 2D Drawing Foundation classes,
Sculpture classes, Observational Drawing classes, Ceramic classes, Painting classes, Figure
Structure classes, Figure Drawing and Anatomy classes and Figure Painting classes.

22.     Further, Peter Chametzky was the chair of the Art Department at the time and
oversaw the hiring of Plaintiff Stasko. In Chametzky's deposition, taken by Albrecht in the 2018
Dunavant case, when asked, "Did you think she was qualified for the position?" he confirmed to
her that, "Yes," he thought Plaintiff Stasko was qualified to teach the courses. Albrecht also
asked whether or not Stasko was a good instructor and he answered, "By all accounts, excellent."
He was also asked by Albrecht, "Other than her, more or less, being involved with Dunavant's
EOP complaint, do you have any other concerns with Alex Stasko working for the University?"
He answered, "No."

23.     After both the 2018 and 2020 lawsuits were widely reported on, Plaintiff Stasko
endured severe and pervasive harassment in her workplace and online that continued for years.
After Misenhiemer filed her 2020 lawsuit a huge publicity storm and numerous public protests
followed. Subsequently, Plaintiff Stasko's employment at USC was not renewed.

## FOR A FIRST CAUSE OF ACTION
## AGAINST DEFENDANTS CROMER BABB PORTER & HICKS, ALBRECHT AND MISENHEIMER
### (Defamation)

24.     Where not inconsistent herewith, Plaintiff realleges the foregoing.

25.     Defendant Cromer Babb Porter and Hicks, LLC, through its employees and representatives, including but not limited to Albrecht, accused Plaintiff of being unfit in her professional field. Such accusations have a defamatory meaning about Plaintiff and are false.

26.     Further, Defendant Misenhiemer, accused Plaintiff of being unfit in her professional field. Such accusations have a defamatory meaning about Plaintiff and are false.

27.     Defendants CBP&H, Albrecht, and Misenhiemer knew that such allegations surrounding Plaintiff were false. Defendants further recklessly disregarded the truth in taking action against Plaintiff's career.

28.     The accusations of Defendants, including, but not limited to, accusing Plaintiff of being unfit in her profession, and actions associated therewith have defamed the Plaintiff by word and act.

29.     Such statements were false, known to be false, and maliciously published by Defendants to members of the University administration, members of the community, and Plaintiff's peers and colleagues. Such publications were made with malice, mean-spirit, and without justification.

30.     Further, such statements are defamatory *per se* as they accuse Plaintiff of being unfit to participate in her professional field.

31.     As a result, Plaintiff has suffered severe economic losses and reputational loss both professionally and personally; Defendants caused and is liable to Plaintiff for the same.

32.     As a direct and proximate result of the defamation alleged herein, Defendants have caused and are liable for severe and continuing injury to the Plaintiff's reputation, loss of

wages and benefits, diminished earning capacity and future benefits, humiliation, embarrassment, pain and suffering, severe stress and anxiety, loss of sleep, and other losses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Alexandra Stasko prays for judgment against Defendants, jointly and severally, in amounts equal to the sum of her actual damages, including embarrassment and suffering, as well as punitive damages, in amounts to be determined by a jury, and for any such other and further relief as this Honorable Court deems just and proper.

I agree to provide the Clerk's Office with any changes to my address where case- related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 11/18, 2022

Signature of Plaintiff

Printed Name of Plaintiff   Alexandra Stasko

31 Downing St. Columbia, SC 29209